By the Court,
Cowen, J,
It is difficult to see any reason against a rule that Kursheedt should pay the balance due from him to Humbert’s estate out of the avails of the treasury notes. Nor do I understand that he refuses to do so. The dispute relates to the amount of his charges. The power to determine that dispute on motion belongs, I think, exclusively to the superior court, as an attorney of which Kursheedt was acting. It was in consequence of his retainer as an attorney of that *566 court, and the confidence reposed in him as such by Humbert or his agent, that he was enabled to obtain the money. It makes no difference that he is also an attorney licensed by this court. The imputed default did not arise in the course of his practice here, or as a consequence of his license here. We cannot see that such license furnished any reason for the retainer, beyond that of the superior court.
I admit there may be cases where an attorney of this and other courts receiving money under an agency having no particular reference to a suit here, might be attached by this court for non-payment, on the principle that he was retained in respect to his professional character. That would leave room for inferring that, had he not been an attorney of this court he would not have been so retained. . But such an inference is excluded where the retainer was in a suit already brought and pending in another court. It is impossible then to say that he is in default as an attorney of this court, which I take it we must see before we have authority to punish him by attachment. We might about as well attempt to punish a man for professional misbehavior in conducting a suit or defence in the court of- a neighboring state, as to interfere on this motion. Suppose the attorney of a county court to be guilty of the plainest misconduct, the mutilation of a record for instance, no one would suppose that we could issue process of contempt because he happened at the same time to be an attorney of this court. To warrant a rule against a person, the disobedience to which would be a contempt, he must not only be a party or officer of the court, but he must be so in respect to the particular wrong which he is ordered by the rule to repair.
Motion denied..